Dutell *v.* The State.

## DUTELL *v.* THE STATE.

The county judge and sheriff are authorized by the Code, to compare and correct the list of grand jurors, and the deputy sheriff is precluded by § 412, from acting thus in conjunction with another officer; consequently a list of grand jurors compared and corrected by the county judge and deputy sheriff, is not a legal grand jury, and therefore not authorized to find an indictment.

An indictment found by a grand jury not legally constituted, should be quashed; but where an indictment is duly exhibited in open court, and indorsed a "true bill," it will be presumed that the list of jurors was legally selected, unless the records of the county show to the contrary.

### *Error to Mahaska District Court.*

*Opinion by* GREENE, J.   Indictment for stealing a horse. Defendant moved to quash the indictment, on the ground that the grand jurors who found it were not selected according to law.   The court overruled the motion, and this is assigned as error.

The list of grand jurors appears to have been compared and corrected by the judge of the county court and *deputy* sheriff, and not by the county judge and sheriff, as provided by § 1640 of the Code.   Section 412 provides that the "deputy shall perform the duties of his principal pertaining to his own office, but where any officer is required to act in conjunction with or in the place of another officer, his deputy cannot supply his place."   As the county judge and sheriff were required to act in conjunction in comparing and correcting the jury list and ballots, it is evident that the deputy sheriff had no more power to act than any other citizen.   And as the grand jurors were not selected according to law, they had no authority to find the indictment.   It should therefore have been quashed.

But it is urged by the attorney general, that the defendant cannot raise this objection after the indictment is found,

but that he should have challenged the panel of the grand jury, as provided by § 2882 of the Code. This course may be adopted with propriety by a "defendant *held* to answer for a public offence;" but can it be expected that citizens at large, against whom there is no imputation of offense, are required to appear and challenge the panel of grand jurors, or be forever precluded from raising an objection to their selection or authority to act?

It is true, as a general rule, that when the indictment is duly exhibited in open court, and indorsed "a true bill," it is evidence that it was duly found by a legal grand jury. But when the records of a county show that the grand jurors were not legally selected, and had no authority to act, it is evidence of a higher grade, and shows that the indictment could not have been found, exhibited, and indorsed by legal authority.

Judgment reversed.

*W. H. Seevers*, for appellant.

*D. C. Cloud*, for the State.