RANDALL vs. THE STATE.

The Governor has no authority on behalf of the state, to employ an attorney to at-
    tend to the taking of testimony in support of charges preferred before him,
    against a county officer to procure his removal, for official misconduct.
Section 2, chapt. 10 R. S., does not apply to a proceeding before the Governor to
    remove an officer from office, and such a proceeding is not one in which rights,
    interests or other property of the state are liable to be injuriously affected, nor
    is it an action prosecuted or defended on behalf of the state.
The latter clause of sec. 2, chap. 10, R. S., refers to a criminal prosecution or a civ-
    il action in a court of justice.

ACTION against the state to recover the amount of a claim
for professional services, for which the legislature had refused
to make any appropriation.    The facts are sufficiently stated
in the opinion of the court

*S. U. Pinney*, for the plaintiff.

*The Attorney General*, for the state.

*By the Court*, COLE, J.    This is an action brought against
the state to recover the value of certain professional services,

rendered in attending to the taking of testimony before a commissioner. The complaint states in substance that charges were filed before the Governor, against the sheriff of Milwaukee county for official misconduct ; that the Governor appointed a commissioner to take and certify the evidence which might be offered in support of these charges; and that the Governor further designated and appointed the complainant, being an attorney at law, to attend to the taking of this testimony before the commissioner.

The attorney general demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. He contends that the Governor had no authority to employ the complainant in the matter of the taking the evidence in the case and bind the state for the services.

We consider this point well taken. The constitution and the statute confer upon the governor the power to remove a sheriff and other officers, for official misconduct or for a wilful neglect of duty. Art. 6, sec. 4, Cons. and sec. 4, chap. 14, R. S., 1859. He is required to furnish the accused with a copy of the charges and give him an opportunity to be heard in his defence. And while it is very evident that such a proceeding must necessarily involve the examination of witnesses, and it may be a laborious investigation into the truth of the charges, still the legislature has failed to make any provision upon the subject. We infer from this circumstance, that it was expected this examination should be before the governor himself. Or if this should be impracticable that then it was supposed, those interested in prosecuting the charges, would have the testimony taken before some person named by the governor, and certified to him for his action upon it. This we infer must have been the idea of the legislature, otherwise some specific provision would have been made upon the subject. At any rate, we find no provision of law which authorizes the Governor to employ counsel to attend to the taking of the testimony and render the state liable for the services thus ren-

dered. They may constitute a strong equitable claim upon the legislature for compensation, but we are unable to see upon what principle it can be said they constitute a good cause of action at law. If the Governor had any authority to employ counsel in such investigations, the case would be different. But it is a familiar principle, one frequently recognized by this court, that public agents bind the government only when acting within the scope of their authority. *Orton, et al, vs. State*, 12 Wis., 509. In the hearing of causes of this nature the Governor acts in a judicial capacity. He must inquire into the truth of the charges, and examine into and weigh the effect of testimony. If the charges are sustained by satisfactory testimony, he can remove the delinquent officer and appoint another in his stead. The legislature might have thought it would be improper to give the Governor power to employ counsel to aid in preparing a cause which he was to try. Whether this reason, or some other consideration, influenced the legislature, we are unable to say; but certain it is, no authority is given the governor to employ counsel in such a case.

Neither do we think section 2, chap. 10, R. S. 1859, applies to a proceeding of this character. It is not one in which the rights, interests or other property of the state were to be injuriously affected; nor was it an action prosecuted or defended on behalf of the state, within the meaning of that section. For this latter clause evidently refers to a criminal prosecution, or to a civil suit in a court of justice.

So, whatever claim the complainant may have upon the consideration of the legislature for compensation for the services, rendered in taking the testimony referred to, we must still hold that he cannot maintain an action against the state for them.

The demurrer must therefore be sustained.