Argued 23 January; decided 6 February 1899.

STATE v. WITT.

[55 Pac. 1053.]

TIME FOR OBJECTING TO GRAND JURY.—An objection that a grand jury or some members thereof were irregularly selected must be made before plea.

EFFECT OF IRREGULAR ORGANIZATION OF GRAND JURY.—The fact that a grand jury or one of its members is irregularly chosen, though under a valid law, does not render its proceedings void: *State* v. *Lawrence*, 12 Or. 297, distinguished.

From Marion : GEORGE H. BURNETT, Judge.

R. W. Witt was convicted of the offense of having in his possession, with intent to exhibit the same, an obscene writing, and he appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. M. E. Pogue*.

For the State there was a brief and an oral argument by *Messrs. D. R. N. Blackburn*, attorney-general, *Samuel L. Hayden*, district attorney, and *J. H. McNary*.

MR. JUSTICE BEAN delivered the opinion.

The defendant was indicted and convicted of the crime of having in his possession an obscene writing, with intent to exhibit the same. After being sentenced, his counsel moved the court to set aside and vacate the judgment, on the ground that the court was without jurisdiction to try the case, because the grand jury which found the indictment against him was not legally constituted. This motion was denied, and the defendant appeals.

The facts upon which the motion was based are that, after the grand jury for the term had been duly and regularly impaneled and sworn according to law, one of their number became ill, and was excused, and the court thereupon directed the clerk to draw by lot, from the jury box, another juror, to serve in his place, which was done accordingly, although at the time there were 12 jurors in attendance upon the court whose names were not in the jury box, they having been previously drawn and impaneled as jurors in a civil case then on trial. Thereafter, the indictment upon which the defendant was tried and convicted was returned. The contention for the defendant is that the grand jury, as thus constituted, was an illegal body, because the constitution provides ( Const. article VII, § 18) that the grand jury shall be chosen by lot from the whole number of jurors in attendance at the court, and the argument is that the choosing of one member thereof contrary to the provisions of such section rendered the entire body illegal and its acts void.

The authorities upon the general subject as to how, when, and to what extent a defendant may question the regularity or validity of a grand jury which returns an indictment against him are in confusion, but they are generally agreed that when an indictment is returned by a body composed of the requisite number of qualified persons, chosen under a valid law, any objection or

account of irregularity in the manner of the drawing or forming of the grand jury, if permissible to the defendant at all, must be made before plea to the merits. *Cooper* v. *State*, 120 Ind. 380 (22 N. E. 320) ; *State* v. *Collyer*, 17 Nev. 275 (30 Pac. 891) ; *Com.* v. *Parker*, 2 Pick. 550 ; *U. S.* v. *Gale*, 109 U. S. 65 (3 Sup. Ct. 1).

There is a distinction to be noted in the books between the acts of a body assuming to be a grand jury, but wholly unauthorized, or chosen by an illegal and unwarranted method, and one organized under a valid law, though its provisions are not strictly and accurately followed. In the former case it is held in some jurisdictions that the indictment and all subsequent proceedings thereunder are absolutely void, and the objection may be taken at any time, even on appeal : *Lott* v. *State*, 18 Tex. App. 627 ; *McNeese* v. *State*, 19 Tex. App. 48 ; *Harrell* v. *State*, 22 Tex. App. 692 (3 S. W. 479); *Finley* v. *State*, 61 Ala. 201 ; *Peck* v. *State*, 63 Ala. 201. But in the latter case the indictment is not void, and an objection to the regularity of the formation and organization of the grand jury cannot be taken after verdict and judgment. The case at hand comes within this rule. The statute (chapter V, title I, Cr. Code) under which the grand jury that indicted the defendant was formed and organized is admitted to be valid, and in conformity with the requirements of the constitution, and the only objection made is that the court did not strictly follow its terms and provisions. This did not render the grand jury an illegal body, or its proceedings void, and the objection to the regularity of its organization, if open to the defendant at all, should have been taken advantage of before plea. The case of *State* v. *Lawrence*, 12 Or. 297 (7 Pac. 116), is not in point, for two reasons : *First*, the grand jury which indicted Lawrence was chosen and organized under an unconstitu-

tional and void law; and, *second*, the objection to the validity of the grand jury was made before plea. It follows from these views that the judgment of the court below must be affirmed, and it is so ordered.

Affirmed.

Decided 20 April, 1896.