Argued 18 December, 1906; decided 12 January, 1907.

## STATE *v.* BOCK.

### 88 Pac. 318.

MOVING TO SET ASIDE INDICTMENT—STATUTES—GRAND JURY.

1. Section 1349, B. & C. Comp., prescribing the grounds on which an indictment may be set aside, is exclusive of all other reasons for such a motion, and an indictment will not be set aside because the court excused a grand juror at his own request after he had been accepted and sworn, for reasons personal to himself and not because of sickness or physical or mental inability to perform the duties required.

CRIMINAL LAW—ASSAULT BEING ARMED—PRESUMPTION OF INTENT.

2. Where a person uses a deadly weapon with violence upon the person of another, and the act has a direct tendency to do some great bodily

injury to the one assailed, the intent to injure him may be inferred from the act, under B. & C. Comp. § 788, subd. 3, declaring that the law presumes that a person intends the ordinary consequences of his voluntary act.

INSTRUCTION ASSUMING FACTS—PROVINCE OF JURY.

3. Where, on a trial for assault with a dangerous weapon, the evidence of the state showed that defendant committed the offense and he relied on an alibi, an instruction that it was not necessary to prove a specific intent, that the law presumed the intent "from the fact that defendant was armed with a dangerous weapon, and that he made an assault while so armed," is erroneous as assuming that defendant was armed with a weapon, which was a controverted fact.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Charles Bock appeals from a conviction of assault while armed with a dangerous weapon, said to have been committed upon a sailor on the lumber schooner Johan Paulson, at the Inman-Paulson dock in Portland, on June 12, 1906.          REVERSED.

For appellant there was a brief with oral arguments by *Mr. Raphael Citron* and *Mr. Edward Mendenhall.*

For the State there was a brief over the names of *A. M. Crawford,* Attorney General, *John Manning,* District Attorney, and *Bert Emory Haney,* with an oral argument by *Mr. Haney.*

MR. JUSTICE MOORE delivered the opinion of the court.

The defendant, Charles Bock, was convicted in the circuit court for Multnomah County of the crime of assault, being armed with a dangerous weapon, and appeals from the judgment which followed. His counsel contend that an error was committed in denying a motion to set aside the indictment on which he was tried. The uncontradicted affidavits filed in support of the motion, copies of which are set out in the bill of exceptions, state in effect that on June 18, 1906, a grand jury was duly drawn, impaneled and sworn by that court, of which inquisitorial body one Olaf Akeyson was a member; that after Akeyson was so accepted, he learned that witnesses might be called before the grand jury to testify in relation to alleged violations of the election laws at Sellwood, where he resided; that he thereupon explained to the judge, at chambers, that he had legally voted at that place by establish-

ing his right, by affidavit, to exercise such franchise; that on June 19, 1906, in consequence of what he had learned concerning the criminal charges that might be made against his neighbors, he applied to the court to be relieved from further service on the grand jury, which request having been granted, one T. A. Reynolds was selected in his stead, whereupon he resumed his duty as a trial juror, which he was then able to discharge; and that, after such substitution, the pretended grand jury returned the indictment herein, which the defendant, before pleading to the merits, moved to set aside on the ground that it was not found as required by law.

1. It is argued that Akeyson, having been selected as a grand juror, made no application, before he was sworn, to be discharged, or gave any reason why he should not serve, and the court, being satisfied that he was qualified, accepted him; that, after the formation of the jury, as Akeyson had not become sick or for any reason was unable to continue in the discharge of his duty—which are the only reasons given to relieve a grand juror from service (B. & C. Comp. § 1272)—the court was powerless to discharge him or to direct that another person should be drawn to take his place; and that, as the organic law and the statutes require that a grand jury shall consist of seven persons, five of whom must concur to find an indictment (Const. Or. Art. VII, § 18; B. & C. Comp. §§ 961, 1265), the selection of Reynolds as a grand juror, after the formation of that body, made it consist of eight persons, thereby rendering it incompetent to find an indictment, and hence an error was committed as alleged. Our statute, evidently modeled after the rule generally understood as prevailing at common law, forbids a challenge to the panel from which the grand jury is drawn or to an individual grand juror, unless made by the court, for want of qualification, before the juror is accepted: B. & C. Comp. § 1269. Notwithstanding such prohibition, a motion to set aside an indictment, if interposed before pleading to the merits *(State* v. *Witt,* 33 Or. 594, 55 Pac. 1053), may be made on the following grounds:

"(1) When it is not found, indorsed and presented as prescribed in Chapter 7 of Title XVIII of this Code; (2) when the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment or indorsed thereon": B. & C. Comp. § 1349.

The chapter and title to which reference is thus made relate to the number of grand jurors who must concur to find an indictment, the indorsements required to be made thereon (B. & C. Comp. § 1294), and the manner of presenting the written accusation: B. & C. Comp. § 1296.

In *State* v. *Whitney,* 7 Or. 386, the defendant at the proper time moved to set aside an indictment returned against him on the ground that at a session of the grand jury an unauthorized person was present and examined witnesses upon whose testimony he was formally charged with the commission of a crime. The motion having been denied, the defendant was tried and convicted, and appealed from the judgment which was rendered against him. In reviewing the action of the court in denying the motion, Mr. Chief Justice Kelly, referring to the provisions of the statute hereinbefore quoted (B. & C. Comp. § 1349), says: "These, we hold, are the only two cases for which an indictment can be set aside; and, as the section prohibiting any person other than the district attorney from appearing before the grand jury, is not in Chapter 7, there was no error in the ruling of the court." In *United States* v. *Benson,* 31 Fed. 896, a plea in abatement to an indictment, which is tantamount to a motion to set aside such pleading, was interposed in the United States Circuit Court for the District of California, for the reason that certain of the grand jurors which found the indictment were not taxpayers of that state. In denying the motion, it was held that a similar statute of California, specifying certain grounds upon which an indictment might be set aside, and applicable to the practice in that court, afforded the only reasons that were available for that purpose, and, as the lack of such qualification was not enumerated in the act, the plea was ineffectual. In deciding that case, Mr. Justice Field says: "The provisions of the statute, passed to bring

offenders against the laws to trial, are not to be so construed as to defeat their purpose. The various proceedings prescribed are the means designed, not merely to protect the accused, but also to protect the public, and are to be enforced, on the one hand, so as to secure to the accused a full and fair trial, and, on the other hand, so as not to prevent the punishment of crime."

In the case at bar, the motion to set aside the indictment did not negative any of the grounds specified in Chapter 7 of Title XVIII of the Code, as reasons therefor; and, this being so, it is unnecessary to consider whether or not the court, pursuant to the provisions of Section 1272, B. & C. Comp., was authorized to discharge the grand juror who was released, or to select another in his stead. The strict rule, once enforced as to the qualifications of grand jurors and the presence of unauthorized persons at sessions of a grand jury, seems to have been very much relaxed in those states that have adopted statutes prescribing the grounds upon which an indictment may be set aside, which enactments are usually construed on the principle that the inclusion of the reason thus assigned necessarily excludes all other grounds not enumerated. If, however, under the section of the statute last adverted to, a court can only discharge a grand juror after he has been impaneled, when some necessity demands his departure, and that, when released from the performance of inquisitorial duty, he is required to remain in attendance as a trial juror, is such an irregularity as demonstrates that the exigency did not exist that would warrant his exemption from service as a grand juror, the remedy must be sought by application to the legislative assembly to amend the statute by enlarging the grounds upon which an indictment may be set aside. We conclude, therefore, that no prejudicial error was committed in denying the motion interposed.

2. An exception having been taken to the following instruction, it is contended by defendant's counsel that an error was committed in giving it, to wit:

"It is not necessary, in a case of an indictment for assault with a dangerous weapon, to prove specific intent; that is, to

prove a specific intent to commit the assault. The law will presume this intent to commit the assault—that is, to commit the assault in the manner alleged—from the fact that the defendant was armed with a dangerous weapon, and that he made an assault while so armed with such weapon."

The charging part of the indictment is as follows:

"The said Charles Bock, on the 12th day of June, A. D. 1906, in the County of Multnomah and State of Oregon, then and there being armed with a dangerous weapon, to wit, a revolver, loaded with gunpowder and leaden bullets, did wilfully, unlawfully and feloniously assault one Walter Safer, by then and there pointing and discharging the said revolver, so loaded as aforesaid with gunpowder and leaden bullets, at and against the body of him, the said Walter Safer, he, the said Charles Bock, being then and there within shooting distance of him, the said Walter Safer, contrary," etc.

The bill of exceptions states in effect that testimony was introduced by the state tending to prove the averments of the indictment, and by the defendant setting up an alibi. The law presumes that a person intends the ordinary consequences of his voluntary act (B. & C. Comp. § 788, subd. 3), and hence, when a deadly weapon is used with violence upon the person of another, and such act has a direct tendency to do some great bodily injury to the person assailed, the intent so to injure him may reasonably be inferred from the act.

3. In *State* v. *Gibson,* 43 Or. 184 (73 Pac. 333), it was held that a person accused of the commission of a crime was presumed innocent until he was proven guilty, and, in speaking of the burden of proof in such cases, Mr. Justice WOLVERTON says: "It never shifts, and the ultimate question for the jury is whether, in view of all the facts shown, the accused has been proven guilty." The defendant's theory is that he was not present when Safer is alleged to have been assaulted, and, for that reason, there was no admission that he did the shooting. The court assumes, however, from the instruction, that he was armed with a weapon with which he made an assault. The use of the word "defendant" in the part of the charge complained of shows that the instruction is not hypothetical; but, as it assumes

the existence of facts which are disputed, an error was committed as alleged: *State* v. *Mackey*, 12 Or. 154 (6 Pac. 648); *State* v. *Bowker*, 26 Or. 309 (38 Pac. 124); *State* v. *Hatcher*, 29 Or. 309 (44 Pac. 584).

For the error committed in giving the instruction, the judgment is reversed, and a new trial ordered.          Reversed.