Argued October 29, decided November 25, 1913.

## WEST *v.* McDONALD.*

(136 Pac. 650.)

**Exceptions, Bill of—Admission of Evidence—Sufficiency of Bill.**

1. Under Section 171, L. O. L., as amended by Laws of 1913, page 650, providing that no particular form of exceptions shall be required, and the objection shall be stated with as much evidence or other matter as is necessary to explain it, but no more, provided that the bill of exceptions may consist of a transcript of the whole testimony and all of the proceedings at trial, including the exhibits, instructions and any other matter material to the decision of the appeal, a bill of exceptions to the admission of evidence should only contain so much of the evidence as is necessary to explain the nature of the objection, and should not be a practical transcript of all of the proceedings, unless necessary to determine the correctness of a ruling on motion for a nonsuit or for directed verdict at the close of the case.

**Words and Phrases—"Well."**

2. A "well" consists of a pit sunk in the earth until a water-bearing stratum is reached from which the water will flow into the pit from which a supply of water can be obtained.

*On the question of the sufficiency of exceptions on appeal, see notes in 10 L. Ed. (U. S.) 172 and 39 L. Ed. (U. S.) 856.       Reporter.

Trial—Instructions—Province of Jury.

   3. The court instructed, in an action for services for digging a well, that "the plaintiff in this case has shown himself to be an expert well-driller," and, if you find that he entered into a contract with defendant to drill a well for $1.50 a foot, this agreement was not complied with unless he got a sufficient supply of water, "and, when he abandoned the work without having obtained such supply of water, the defendant had a right to rescind the contract and adopt other means for getting a supply of water," and plaintiff cannot recover. *Held*, that the instruction invaded the province of the jury in assuming that plaintiff abandoned the work without having obtained a water supply, and was also erroneous in charging that plaintiff had shown himself to be an expert driller.

From Union: JOHN W. KNOWLES, Judge.

This is an action by R. A. West against Duncan McDonald. From a judgment for the defendant, plaintiff appeals.             REVERSED.

For appellant there was a brief over the names of *Messrs. Cochran & Eberhard* and *Mr. Charles H. Finn,* with an oral argument by *Mr. George T. Cochran.*

For respondent there was a brief over the names of *Mr. Turner Oliver* and *Messrs. Crawford & Eakin,* with an oral argument by *Mr. Oliver.*

En Banc. MR. JUSTICE BURNETT delivered the opinion of the court.

This is a second appeal in this case, and for a particular statement of the issues involved it is sufficient to refer to 64 Or. 203 (127 Pac. 784). In brief, it is enough to say here that the plaintiff declares for labor and services furnished at the special instance and request of the defendant in boring a well to a depth of 350 feet at the reasonable value of $1.50 per foot. The defendant denies this, and alleges that the parties contracted for a finished well supplying an adequate flow of water at a price of $1.50 per foot, but not in any event to exceed the total of $150.

1. In the argument, sundry objections to rulings upon the reception of testimony are pressed upon our

attention. We decline, however, to consider these on the ground that what is termed a bill of exceptions is nothing more than a literal statement of everything that was said by court, counsel and witnesses at the trial. This has been so often held not to be a bill of exceptions that it is tautological to repeat the statement. In a manner Mr. Justice SLATER began a new series of decisions on this subject in *Keady* v. *United Rys. Co.*, 57 Or. 325 (100 Pac. 658, 108 Pac. 197), and we have since added *Hahn* v. *Mackay,* 63 Or. 100 (126 Pac. 12, 991), and *Portland Public Market & Cold Storage Co.* v. *Woodworth, ante,* p. 327 (135 Pac. 529).

We are not unmindful of the amendment of Section 171, L. O. L., enacted by the legislative assembly February 28, 1913, reading thus: "No particular form of exceptions shall be required. The objection shall be stated, with as much evidence, or other matter, as is necessary to explain it, but no more; provided, however, that the bill of exceptions may consist of a transcript of the whole testimony and all of the proceedings had at the trial, including the exhibits offered and received or rejected, the instructions of the court to the jury, and any other matter material to the decision of the appeal": Laws 1913, p. 650. It was pointed out in *Hahn* v. *Mackay,* 63 Or. 100 (126 Pac. 12), that the bill of exceptions proper consisted, in the meaning of the statute, of an exemplification of only so much evidence, and no more, as is necessary to explain the point of the objection. It was further explained that qualifications of this rule consisted in the inclusion of the whole testimony for the plaintiff on a motion for a nonsuit, or the entire testimony on both sides of the case on a motion for a directed verdict, where the ruling on these questions was assigned as error, but that such bills of exceptions will not be considered for any other purpose. If the legislation adverted to had been intended for anything more than a statutory declaration

of the doctrine thus announced, it would have omitted the original terms of Section 171, L. O. L. But it has retained that identical language, and the words employed mean the same as they have often been construed by the decisions of this court. The proviso added must be construed to cover the exceptions established by our decisions, and can mean nothing more than that in proper cases where the same is necessary to determine the correctness of the ruling upon a motion for a nonsuit or a motion to direct a verdict at the close of the whole case, the bill of exceptions may consist of a transcript of all the proceedings. Containing as it does the very words of the former statute, we cannot depart from the construction placed upon them by so many decisions, amounting at least to a rule *stare decisis.* Hence we must decline to consider the objections urged in the brief to the admissibility of testimony in various instances occurring during the progress of the trial.

2. There are, however, sundry exceptions taken to the instructions of the court to the jury which may be tested by the standard of the pleadings appearing in the abstract. These we can properly consider, for the necessary data are regularly before us. Substantially, the plaintiff says for his cause of action that he was employed to serve the defendant in the latter's quest for water by boring into the earth, and that his services were reasonably worth $1.50 per foot, amounting in the aggregate to $525, which has not been paid. Opposing this, the defendant denies the allegations of the complaint and says that he employed the plaintiff to produce a finished well yielding an adequate supply of water, and that without fault of the defendant the plaintiff abandoned this entire undertaking before its completion. The question turns upon the definition of the term "well," as applied to the contention of each party. If the plaintiff was not responsible for

the results of the excavation, it can be said properly
that a well meant nothing more than a mere hole in
the ground, for the services in digging which the plain-
tiff would be entitled to recover on the *quantum
meruit,* in the absence of an express agreement.   The
court left to the jury the question of determining what
the parties meant by digging a well.   This presented
plaintiff's theory of the case.   On the other hand, the
court said, in the course of its charge, that, "in using
the word 'well' in these instructions, I mean a hole
sunk or drilled into the earth to such a depth as to
reach a supply of water."   This is a permissible defi-
nition of the term.   "A well consists of a pit sunk
in the earth until a water-bearing stratum of the earth
is reached, from which the water therein will flow
into the pit, and a supply of water be thus obtained":
*Andrews* v. *Carman,* 1 Fed. Cas. No. 371, p. 868.
Again it is said in *Magoon* v. *Harris,* 46 Vt. 264: "The
places where the defendant reached water by orifices
in the ground, and where the water did not flow to the
surface, are wells, and not springs."   To avoid the
circumlocution of repeating the definition in terms,
wherever the word was used in his subsequent instruc-
tions, the judge defined it once and for all in his in-
struction relative to the defendant's side of the case.
It was not intended to be conclusive upon the plain-
tiff, and a fair construction of the charge will not jus-
tify such a construction.   Properly considered on that·
point, the court said in substance to the jury: If you
find that the contract contemplated a finished well
yielding an adequate supply of water, and that the
compensation should not, in any event, exceed a spe-
cified sum, the plaintiff cannot recover until he has
fully performed his contract and produced such a well.

3. The court, however, was in error in giving the
following instruction: "I instruct you further that the
plaintiff in this case has shown himself to be an expert

well driller, of many years' experience, and has drilled a large number of wells in the Grande Ronde Valley, and if you find from a preponderance of the testimony that he entered into a contract with McDonald either as an individual or as the representative of the farmers subscribing to a fund for drilling a well, that he would drill a well for $1.50 per foot, using 4¼-inch casing, himself furnishing all of the materials and machinery for such purposes, that this agreement was not complied with, unless he got a sufficient supply of water; and, when he abandoned the work without having obtained such supply of water, the defendant had a right to rescind the contract, and adopt other means for getting a supply of water, and the plaintiff cannot recover anything from the defendant in this case.'' This instruction was erroneous in that it assumed as a proven fact that the plaintiff abandoned the work without having obtained a supply of water. This was a clear invasion of the province of the jury upon a vital point of the case. It took for granted the verity of the traversed allegations of the answer. It is objectionable, also, in that it says to the jury ''that the plaintiff in this case has shown himself to be an expert well driller of many years' experience,'' etc. This might have been a legitimate deduction to be used by counsel in discussing the case to the jury, but it has no proper place in the charge of the court. That the assumption of a disputed fact is erroneous when coming from the court is taught by the following authorities: *Salomon* v. *Cress*, 22 Or. 177 (29 Pac. 439); *State* v. *Bock*, 49 Or. 25 (88 Pac. 318); *Keen* v. *Keen*, 49 Or. 362 (90 Pac. 147, 14 Ann. Cas. 45, 10 L. R. A. (N. S.) 504).

This conclusion leads to a reversal of the case for a new trial.                                      REVERSED.

MR. JUSTICE BEAN concurs in the result.