Argued and submitted December 6, 1991; resubmitted In Banc September 9, affirmed November 12, 1992

# WILLIAM LLOYD GOODWIN,
*Respondent,*

*v.*

# STATE OF OREGON,
*Appellant.*

## (90-05-162 CV; CA A66807)

840 P2d 1372

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Nancy Nickel, Canyon City, argued the cause and filed the brief for respondent.

WARREN, J.

Edmonds, J., dissenting.

.

.

## WARREN, J.

The state appeals a judgment granting petitioner post-conviction relief. We affirm.

The petition alleges that petitioner's conviction for criminal nonsupport, ORS 163.555, is unlawful, because the district attorney had excused one of the grand jurors from attendance at the session in which evidence against petitioner was presented and an indictment returned against him.[1] The post-conviction court held that, because Article VII (amended), section 5(2), of the Oregon Constitution[2] mandates a seven-person grand jury, the district attorney's action violated the Constitution and rendered the indictment void. ORS 138.530(1).

The state contends that only five jurors need be present at a meeting of the grand jury and that those five may return an indictment, if they unanimously concur. To support that contention, it relies on the Oregon Constitution and ORS 132.360,[3] which both provide that only five grand jurors need to concur to return an indictment. In addition, it notes that ORS 132.110 provides, in part:

"After the formation of the grand jury and before it is discharged, *the court may*:

"(1)   Discharge a grand juror * * *

"* * * * *

"(3)   Allow at least five grand jurors to proceed upon good cause shown." (Emphasis supplied.)

---

[1] The post-conviction court rejected petitioner's due process claims under Article I, section 10, of the Oregon Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. Petitioner does not assign error to those rulings on appeal.

[2] Article VII (amended), section 5(2), provides:

"A grand jury shall consist of seven jurors chosen by lot from the whole number of jurors in attendance at the court, five of whom must concur to find an indictment."

[3] The constitutional provision is reflected in ORS 132.360:

"A grand jury may indict or present to the court for instruction as provided in ORS 132.370, with the concurrence of five of its members, if at least five jurors voting for indictment or presentment heard all the testimony relating to the person indicted or facts presented."

Because six jurors were at the session when the indictment was returned, the state argues that the district attorney's conduct was simply a violation of ORS 132.110(3) and not a constitutional violation requiring that petitioner's conviction be set aside.

■      In *State v. Campbell*, 306 Or 157, 162, 759 P2d 1040 (1988), the court instructed that we "may not reach a state constitutional issue if a claim is fully satisfied under other provisions of state law." Because this is a post-conviction proceeding, petitioner is entitled to relief only if the trial court lacked jurisdiction over his offense or if he was deprived of a constitutional right. ORS 138.530.[4] In *State v. Witt*, 33 Or 594, 596, 55 P 1053 (1899), the court clarified that a statutory violation relating to the formation of a grand jury does not deprive a court of jurisdiction, unless the violation results in an unconstitutionally constituted grand jury. *Accord State v. Gortmaker*, 295 Or 505, 522, 668 P2d 354 (1983). Consequently, petitioner is entitled to post-conviction relief only if the violation of ORS 132.110(3) also constituted a constitutional violation.[5]

The express language of Article VII (amended), section 5(2), requires that a grand jury consist of seven persons, but permits five of them to find an indictment. The genesis

---

[4] ORS 138.530 provides, in part:

"(1) Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction * * * of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction."

[5] In *State v. Gortmaker*, 295 Or 505, 510, 668 P2d 354 (1983), the court said:

"Article VII (Amended), Section 5, cannot be read as reserving to the legislature the power to enact statutes which serve to prevent constitutional challenges to grand jury proceedings."

Consequently, a defendant can challenge the constitutionality of grand jury proceedings, even in the absence of a statutory violation. Because the issue here is whether the constitution was violated, we do not consider those cases that address violations of statutes regulating grand jury proceedings. *See, e.g., State v. Bock*, 49 Or 25, 88 P 318 (1907).

and purpose of that nonunanimity requirement is uncertain.[6] However, it appears to have a basis like the requirement that 10 of 12 petit jurors return a verdict in a criminal trial. Or Const, Art I, § 11. That is intended to permit the expression and consideration of minority viewpoints but, through the nonunanimity requirement, precludes a minority from thwarting an otherwise justifiable indictment. *See Apodaca v. Oregon*, 406 US 404, 413, 92 S Ct 1628, 32 L Ed 2d 184 (1972).

If a grand or petit jury proceeds with fewer than the requisite number of members, the balanced view that the deliberative process promotes may not be achieved. A person omitted from a panel may have been able to express a viewpoint that would have persuaded the other members of the jury to a particular position or to evaluate a critical part of a case with more scrutiny. We cannot say that a grand jury panel of five or six jurors would always reach the same conclusion as if there had been seven members in attendance.

By requiring that 12 petit jurors hear all of the evidence, Article I, section 11, promotes a deliberative process that permits expression and consideration of minority viewpoints, thereby insulating an accused from biased or overzealous prosecution. That right is a significant right that a defendant must affirmatively waive. *State v. Lutz*, 306 Or 499, 502, 760 P2d 249 (1988). Because Article VII (amended), section 5(2), promotes the same deliberative process at the grand jury level, it is also a significant right. Consequently, we conclude that it mandates that seven grand jurors hear and consider all of the evidence presented before a valid indictment can be found.

In *State v. Lawrence*, 12 Or 297, 7 P 116 (1885), the court concluded:

> "[I]t is the constitutional right of a defendant accused of a crime to demand that the indictment shall be found by a grand jury selected only as provided in the Constitution." 12 Or at 300.

---

[6] For a discussion of the history of the grand jury and Oregon's constitutional provisions concerning that institution, see *State v. Gortmaker, supra*, 295 Or at 510.

Because only six grand jurors heard the evidence in petitioner's case, he was entitled to dismissal of the indictment.[7]

Affirmed.

**EDMONDS J.,** dissenting.

The majority holds in effect that ORS 132.110(3) and ORS 132.360 are unconstitutional, because they provide that a grand jury consisting of five persons or more may return an indictment. It reasons that Article VII (amended), section 5(2), requires a deliberative process by all seven grand jurors "that permits expression and consideration of minority viewpoints, thereby insulating an accused from biased or overzealous prosecution." 116 Or App at 283. Therefore, according to the majority, it follows that ORS 132.360 and ORS 132.110(3) violate section 5(2), because the use of five grand jurors does not promote a balanced view that the deliberative process requires.

To reach its result, the majority makes a policy judgment reserved for the framers of the Constitution and writes a requirement into section 5(2) that is not there. That section provides that a grand jury shall "consist" of seven jurors, "five of whom must concur." Those requirements prescribe the number of jurors to make up a grand jury and the number that must concur in deciding whether to render a "true" or "not true" bill. Section 5(2) is silent as to the number of jurors that constitute a quorum in order to return a bill. Although an argument can be made on the basis of the

---

[7] We agree with the dissent that whether Article VII (amended), section 5(2), imposes a requirement that seven grand jurors hear and consider all of the evidence before deciding whether to return an indictment is a question of the drafter's intent. However, unlike the dissent, I believe that the intent may be discerned not only from the plain language of that provision, but also from an examination of the history of the institution itself and of the constitutional provision. That is precisely the analytical process that the court used in *State v. Gortmaker, supra.* Moreover, in that case, the court indicated that it is appropriate to consider whether an act is prohibited by Article VII (amended), section 5(2), by evaluating whether a defendant could be prejudiced by that act. *See State v. Gortmaker,* 295 Or at 519.

We have already discussed how the absence of one or two grand jurors from a panel could prejudice a defendant. Because that prejudice would be eliminated by reading Article VII (amended), section 5(2), to mean exactly what it says, we reject the dissent's contention that we cannot hold that the drafters of the Oregon Constitution intended a provision of that document to mean a certain thing in the absence of compelling evidence. Although the policy judgment was made by the framers of the Constitution, we believe that that policy judgment can be discerned from the language and spirit of Article VII (amended), section 5(2).

discussion at the Constitutional Convention[1] that the framers of the constitution intended to require a seven juror quorum, the language that they adopted does not impose that requirement.[2] The constitutional authority of this court is limited to the interpretation and enforcement of the law as it is written. *Wilder v. Haworth*, 187 Or 688, 213 P2d 797 (1950), overruled on other grounds *Frohs v. Greene*, 253 Or 1, 4, 452 P2d 564 (1969). The majority's result is not an interpretation of an existing provision but adds language that is not there, thereby usurping the provisions of the constitution. Moreover, the majority's result will have the effect of making void countless convictions. The majority's holding is not only unauthorized but ill-conceived in the absence of

---

[1] The legislative commentary to the Proposed Oregon Criminal Procedure Code, 39-40, notes:

"ORS 132.010, accordingly, states that a grand jury is a body of seven persons. The statute, like the Constitution, is silent, however, as to the number of jurors that constitute a quorum to conduct the business of the grand jury. ORS 132.100 provides for the swearing of witnesses in the absence of the foreman. Therefore, by inference from this provision, a number of jurors less than seven, but made up of five or six, could hear testimony and indict, so long as five voted to indict.

"However, the opposite inference occurs in ORS 132.110. This section provides various methods of obtaining additional jurors when a juror is sick, related to the accused or is otherwise unable to continue in the discharge of his duties. Here, there is apparently adequate provision for maintaining a grand jury at the full number of seven.

"Another argument for a full jury with a quorum of seven is the small number of grand jurors. Many states require 23 members and some state 16 members. Much discussion occurred at the Constitutional Convention in 1857 concerning the number of grand jurors with proposals varying from five to 12. Seven was a compromise that was finally agreed upon by the Convention and later approved by the people. One can argue that Oregon opted for a small grand jury and therefore providing for a quorum of less than the full number was unnecessary. The states with larger grand juries needed quorum figure because of the large size of the grand jury."

[2] The language used in the original constitutional provision provided:

"The Legislative Assembly shall so provide that the most competent of the permanent citizens of the county shall be chosen for jurors; and out of the whole number in attendance at the court, seven shall be chosen by lot as grand jurors, five of whom must concur to find indictment: *But the Legislative Assembly may modify or abolish grand juries.*" Oregon Constitution, Article VII, § 18 (1857). (Emphasis supplied.)

That provision did not impose a quorum requirement. In addition, the final sentence indicates that the framers did not hold the grand jury requirements to be of critical constitutional importance. That is borne out by the extensive debate as to whether the grand jury system should exist in Oregon at all. Carey, *The Oregon Constitution*, 212-14 (1926).

compelling evidence that the framers of the constitution intended its result.

In the trial court, petitioner argued that he was entitled to post-conviction relief, because the district attorney excused a grand juror rather than making application to the court under ORS 132.110(3) to have the juror excused. The trial court held that, because ORS 132.110(3) was never invoked by the district attorney, the indictment was void. The state argues that the non-compliance with ORS 132.110(3) was of non-constitutional proportions and therefore, post-conviction relief is not available. Because five grand jurors "concurred" in the indictment as provided by ORS 132.360, it is not void. *See State v. Witt,* 33 Or 594, 55 P 1053 (1899). Although a statutory violation occurred under ORS 132.110(3), the state is correct when it says that the violation is not cognizable under ORS 138.530.[3] The trial court erred when it held to the contrary.

For these reasons, I dissent.

Joseph, C. J., Richardson and Rossman, JJ., join in this dissent.

---

[3] ORS 138.530(1) provides:

"Post-conviction relief pursuant to ORS 138.510 to 128.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."