On appellant's motion for reconsideration filed October 7, reconsideration allowed; opinion (116 Or App 279, 840 P2d 1372 (1992)) withdrawn; reversed December 22, 1993, reconsideration denied April 13, petition for review denied May 10, 1994 (319 Or 80)

# WILLIAM LLOYD GOODWIN,
## *Respondent,*

*v.*

# STATE OF OREGON,
## *Appellant.*

## (90-05-162 CV; CA A66807)

866 P2d 466

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for motion.

Nancy Nickel *contra*.

WARREN, J.

Edmonds, J., concurring.

## WARREN, J.

The state moves for reconsideration of our opinion in this case, 116 Or App 279, 840 P2d 1372 (1992), in which we affirmed the trial court's judgment granting petitioner post-conviction relief. We allow the motion, withdraw our opinion and reverse the judgment.

Petitioner was convicted in 1989 of criminal nonsupport. He did not appeal. In May, 1990, he filed this petition for post-conviction relief, alleging that the indictment that resulted in his conviction was obtained in violation of Oregon Constitution, Article VII (amended), section 5(2), because the grand jury that indicted him consisted of only six, rather than seven, grand jurors. The trial court granted relief and, on appeal, we affirmed.

After we issued our opinion, the Supreme Court decided *State v. Pratt*, 316 Or 561, 854 P2d 955 (1993). Relying on our opinion in this case, the defendant there argued on direct appeal that he was entitled to dismissal of the indictment, because the grand jury that had issued the indictment against him was made up of fewer than seven members. The Supreme Court held that it would not consider the defendant's challenge to the constitutionality of the indictment, because he did not make a timely motion at trial to set aside the indictment, and therefore the error was not preserved. It said, "Any right that defendant may have had to have the indictment set aside — and we express no opinion on that question — had to be exercised in a timely manner under [ORS 135.510(1)(a) and ORS 135.520]." 316 Or at 567. Because the defendant did not timely raise the issue below, the court declined to consider whether the indictment was unconstitutionally issued and reviewed his appeal on the merits.

Based on *Pratt*, the state now argues that we should reconsider our opinion in this case and reverse, because petitioner also did not timely raise the grand jury issue. We agree with the result suggested by the state but not with its reasoning. The preservation issue in *Pratt* arose on direct appeal of a conviction. Unlike *Pratt*, this case is before us on appeal from a post-conviction judgment. In *Palmer v. State of Oregon*, 121 Or App 377, 854 P2d 955 (1993), we held that the

petitioner could pursue post-conviction relief despite his failure to challenge at trial the constitutionality of the statute under which he was convicted. The petitioner there filed a petition for post-conviction relief after a direct appeal. He alleged that the statute under which he had been convicted was unconstitutionally vague. Unconstitutionality of the statute making criminal the acts for which a person is convicted is a ground for post-conviction relief under ORS 138.530(1)(d). However, the petitioner had not made that challenge at his criminal trial. We held that, under ORS 138.550(2),[1] his failure to raise the issue at trial did not preclude him from asserting that ground as a basis for post conviction relief, because an unpreserved error could not reasonably have been raised on direct appeal.

■      Here, unlike in *Palmer*, petitioner did not take a direct appeal from the conviction. However, that fact does not affect his ability to raise the unpreserved error in this post-conviction proceeding. ORS 138.550(1) provides, in part, that

> "[t]he failure of petitioner to have sought appellate review of the conviction, or to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of relief under ORS 138.510 to 138.680."

That statute allows a petitioner to assert a basis for post-conviction relief that was not raised in the criminal trial.[2] Thus, under *Pratt, Palmer* and ORS 138.550(1), we conclude that an issue is ordinarily reviewable on direct appeal only if it was preserved at trial, but an issue that could have been raised at trial is raisable on post-conviction only if it was *not* preserved at trial. Accordingly, unlike in *Pratt*, here petitioner's failure to have made at trial a timely challenge to the

---

[1] ORS 138.550(2) provides, in part:

"When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding."

[2] We have held that post-conviction relief is not available based on an error that was preserved but no appeal was taken from the judgment. *E.g. Schantz v. Maass*, 114 Or App 167, 834 P2d 508 (1992); *Hunter v. Maass*, 106 Or App 438, 808 P2d 723, *rev den* 312 Or 80 (1991). Here, however, the issue was not preserved at the criminal trial, and those cases do not apply.

indictment does not preclude him from raising the issue in his petition for post-conviction relief, and we can consider it.

The holding in *Pratt* regarding preservation of error on direct appeal does not directly affect this post-conviction case, but it does affect it indirectly. Although petitioner's failure to preserve the grand jury issue does not preclude him from raising it as a basis for post-conviction relief, we read *Pratt* as leading logically to the conclusion that, even if the issuance of an indictment by a grand jury of fewer than seven members is a constitutional violation, that violation does not make the conviction void. Post-conviction relief shall be granted when, *inter alia*, a petitioner was denied a substantial constitutional right that rendered the conviction void, or the court lacked jurisdiction to impose the judgment. ORS 138.530(1)(a), (b). We agree with the state that the Supreme Court's refusal in *Pratt* to consider the unpreserved argument regarding the constitutionality of the indictment is, by necessary implication, a holding that the constitutional error, if any, did not render the judgment void or deprive the trial court of jurisdiction. That is, we read *Pratt* as holding implicitly that the conviction based on the defective indictment, even assuming that the defect was one of constitutional dimensions, was at most voidable, but was not void *ab initio*. Were it otherwise, it can be expected that the Supreme Court would have considered the constitutional question rather than dismissing it on preservation grounds. Accordingly, even assuming that petitioner here is correct that the indictment by which he was charged violates Article VII (amended), section 5(2), that violation does not result in a void conviction, and does not constitute a basis for post-conviction relief. ORS 138.530(1)(a), (b); *see State v. Pratt, supra; State v. Gortmaker*, 60 Or App 723, 655 P2d 575 (1982), *aff'd on other grounds* 295 Or 505, 668 P2d 354 (1983), *cert den* 465 US 1066 (1984).

Reconsideration allowed; opinion withdrawn; reversed.

**EDMONDS, J.,** concurring.

I concur in the majority's result, but would hold that the defendant's conviction is not "voidable" for the reasons

stated in my dissent in *Goodwin v. State of Oregon*, 116 Or App 279, 284, 840 P2d 1372 (1992).

Rossman and Riggs, JJ., join in this concurring opinion.