On appellant's petition for reconsideration filed September 13, reconsideration allowed; opinions (120 Or App 220, 851 P2d 636; 116 Or App 665, 841 P2d 704 (1992)) modified and adhered to as modified December 22, 1993, reconsideration denied January 12, petition for review allowed February 22, 1994 (318 Or 381)

STATE OF OREGON,
*Appellant,*

*v.*

IVY FRANCINE CONGER,
*Respondent.*

(90-10-1676-C; CA A72340)

STATE OF OREGON,
*Appellant,*

*v.*

BENNY CARL DAUGHERTY,
*Respondent.*

(91011702C; CA A71205)
(Cases Consolidated for Opinion Only)

866 P2d 469

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, for petition.

WARREN, J.

Edmonds, J., dissenting.

**WARREN, J.**

In a consolidated petition for review, the state seeks review of our decisions in *State v. Conger*, 120 Or App 220, 851 P2d 636 (1993) and *State v. Daugherty*, 116 Or App 665, 841 P2d 704 (1992). We treat the petition as one for reconsideration, ORAP 9.15, allow it and modify our opinions.

Both defendants were tried and convicted of delivery of a controlled substance. Before trial, each defendant moved to quash the indictment on the basis that the grand jury that had returned the indictment was not comprised of seven members, as required by Oregon Constitution, Article VII (amended), section 5(2). Although seven grand jurors had been selected, one of the seven had been excused by the trial court, pursuant to ORS 132.110, when the indictments in these cases were issued. Based on our decision in *Goodwin v. State of Oregon*, 116 Or App 279, 840 P2d 1372 (1992), in which we held that an indictment returned by fewer than seven grand jurors violates Article VII (amended), section 5(2), we reversed defendants' convictions.

The state seeks reconsideration, arguing that *Goodwin* was wrongly decided. Today, we withdrew our opinion in *Goodwin,* because we concluded that the defect in the indictment did not make the conviction void and, therefore, did not provide a basis for post-conviction relief. 125 Or App 359, 866 P2d 466 (1993). We did not reconsider whether the constitutional issue in *Goodwin* was wrongly decided.

We decline to reconsider the merits of the constitutional argument and expressly adopt and incorporate in this opinion our analysis of that issue that was included in the original *Goodwin* decision. 116 Or App at 281-84. Because the indictments in these cases were issued in violation of Article VII (amended), section 5(2), and defendants preserved the error for appeal, we adhere to our reversal of the convictions in these cases.

Reconsideration allowed; opinions modified and adhered to as modified.

**EDMONDS, J.,** dissenting.

For the reason expressed in my dissent in *Goodwin v. State of Oregon*, 116 Or App 279, 284, 840 P2d 1372 (1992), I dissent.

Richardson, C. J., and Rossman and Riggs, JJ., join in this dissenting opinion.