29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee DAHLHEIM, Defendant-Appellant.
 No. 93-30275.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1994.*
Decided July 19, 1994.
 
 1
 Before: TANG and WIGGINS, Circuit Judges, and HENDERSON,** District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 David Lee Dahlheim was sentenced under the Sentencing Guidelines as a career offender. Dahlheim argues that the district court erred by denying him the opportunity to attack collaterally his prior state conviction. (In fact, the district court did permit the collateral attack, but found the challenge to be without merit.) Dahlheim contends that the prior state conviction was invalid because the underlying indictment was defective. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 4
 On December 5, 1989, Dahlheim pleaded guilty in Oregon state court to first-degree burglary and first-degree theft. Three years earlier, on October 27, 1986, Dahlheim pleaded guilty to attempted first-degree burglary.
 
 
 5
 On July 16, 1992, Dahlheim and co-defendant Sylvia Sanchez were arrested for narcotics offenses. On August 25, 1992, Dahlheim was indicted on fifteen counts. On January 20, 1993, he pleaded guilty to one count, which charged that he did knowingly and intentionally distribute methamphetamine, in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 6
 On July 6, 1993, the district court conducted a sentencing hearing. Dahlheim challenged his classification as a career offender under U.S.S.G. Sec. 4B1.1. He argued that his 1989 state conviction was invalid. He claimed that the indictment underlying it was defective because only six of the seven members of the state grand jury were present when the body voted. See Or. Const., art. VII (amended), Sec. 5(2);[1] O.R.S. 132.010.[2] Dahlheim introduced an affidavit from the District Attorney for Washington County, Oregon, who stated that only six jurors voted because the state court had excused the seventh juror. The district court rejected Dahlheim's collateral attack, finding the conviction was valid for purposes of sentencing him as a career offender.
 
 
 7
 As a result of the career offender enhancement, Dahlheim went from a base level of 12, Criminal History Category V, to a base level of 32, Criminal History Category VI. After receiving a 3-level reduction for acceptance of responsibility, the district court sentenced him to 151 months in prison and three years of supervised release. Judgment was entered on July 12, 1993. On July 16, 1993, Dahlheim filed a timely notice of appeal. Dahlheim is presently in federal custody serving the term of imprisonment imposed in this case.
 
 DISCUSSION
 A. STANDARD OF REVIEW
 
 8
 We review de novo the district court's determination that appellant is a career offender when the determination involves an interpretation of the Sentencing Guidelines. United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991). We review factual matters concerning the prior conviction for clear error, however. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 B. MERITS
 
 9
 Where the government seeks the inclusion of a prior conviction in the determination of career offender status, the government must prove the fact of the prior conviction. See 21 U.S.C. Sec. 851(a)(1); Newman, 912 F.2d at 1122. Once the government satisfies this burden of proof, the defendant may seek to establish, by a preponderance of the evidence, the constitutional invalidity of the prior conviction for purposes of determining career offender status. See 21 U.S.C. Sec. 851(c)(2); U.S.S.G. Sec. 4A1.2 comment. n. 6. Dahlheim argues that he established, by a preponderance of the evidence, that his 1989 conviction was constitutionally invalid.
 
 
 10
 1. Violation of Dahlheim's Fourteenth Amendment Due Process Rights?
 
 
 11
 First, Dahlheim contends that the 1989 conviction was constitutionally invalid because his Fourteenth Amendment due process rights were violated. Dahlheim argues that the underlying indictment was defective because it was in violation of both the Oregon Constitution and Oregon statutory law. See Or. Const., art. VII (amended), Sec. 5(2); O.R.S. 132.010. Consequently, Dahlheim reasons, the indictment was insufficient to give the state court the authority to proceed. Thus, Dahlheim concludes, the state court lacked jurisdiction over the matter. See Fiano v. United States, 291 F.2d 113, 114 (9th Cir.) (per curiam) (holding that a fatally flawed indictment deprives a court of jurisdiction), cert. denied, 368 U.S. 943 (1961). Because the state court proceeded to convict him anyway, Dahlheim argues, his Fourteenth Amendment due process rights were violated. See In re Kelly, 46 F. 653, 659 (C.C.D.Or.1890) (granting a writ of habeas corpus because the court that imprisoned the petitioner lacked jurisdiction and therefore violated petitioner's Fourteenth Amendment due process rights).
 
 
 12
 In light of Goodwin v. State (Goodwin II), 125 Or.App. 359, 866 P.2d 466 (1993), review denied, 319 Or. 80 (1994), Dahlheim's due process argument is without merit. In Goodwin II, the Oregon Court of Appeals reconsidered its earlier opinion, Goodwin v. State (Goodwin I), 116 Or.App. 279, 840 P.2d 1372 (1992), and reversed its holding. In Goodwin I, the Oregon Court of Appeals held that all seven members of a grand jury must be present for an indictment to be valid, and thus affirmed the dismissal of a conviction because only six grand jurors heard the evidence. Goodwin I, 116 Or.App. at 283, 840 P.2d at 1374. However, in State v. Pratt, 316 Or. 561, 853 P.2d 827, cert. denied, 114 S.Ct. 452 (1993), the Supreme Court of Oregon called Goodwin I into question by refusing to declare an indictment invalid, even though only six grand jurors were present during the vote, because the defendant had failed to raise the issue in a timely manner. Id. at 566-68, 853 P.2d at 831; see O.R.S. 135.520.[3] Therefore, in light of Pratt, the Oregon Court of Appeals agreed to reconsider Goodwin I because the petitioner in Goodwin I also did not raise the grand jury issue in a timely manner.
 
 
 13
 In Goodwin II, the Oregon Court of Appeals held that even if the issuance of an indictment by a grand jury of fewer than seven members is a constitutional violation, that violation does not make the conviction void.[4] Goodwin II, 125 Or.App. at 363, 866 F.2d at 468. Specifically, the court stated:
 
 
 14
 We agree ... that the Supreme Court's refusal in Pratt to consider the ... argument regarding the constitutionality of the indictment is, by necessary implication, a holding that the constitutional error, if any, did not render the judgment void or deprive the trial court of jurisdiction. That is, we read Pratt as holding implicitly that the conviction based on the defective indictment, even assuming the defect was one of constitutional dimensions, was at most voidable, but was not void ab initio.
 
 
 15
 Id. (emphasis supplied). Thus, the court concluded, "Accordingly, even assuming that petitioner here is correct that the indictment by which he was charged violates Article VII (amended), section 5(2), that violation does not result in a void conviction, and does not constitute a basis for post-conviction relief." Id.
 
 
 16
 As a result of the Goodwin II holding, Dahlheim's due process argument must fail. Although defective, the indictment was sufficient to give the state court the authority to proceed. Consequently, Dahlheim failed to establish that his 1989 conviction was constitutionally invalid as a result of a violation of his Fourteenth Amendment due process rights.
 
 
 17
 2. Violation of Dahlheim's Sixth Amendment Right to Effective Assistance of Counsel?
 
 
 18
 Second, Dahlheim contends that the 1989 conviction was constitutionally invalid because his Sixth Amendment right to effective assistance of counsel was violated. Specifically, Dahlheim asserts that his counsel should have moved to set the indictment aside because it was defective. Because his counsel did not make such a motion, Dahlheim argues that counsel's performance was deficient and that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 19
 Dahlheim's Sixth Amendment right to effective assistance of counsel claim is also without merit. Dahlheim cannot satisfy the first prong of the two-prong test. Dahlheim's counsel was not "outside the wide range of professionally competent assistance," id. at 689, because, under O.R.S. 132.360,[5] the indictment was not defective. (The constitutionality of O.R.S. 132.360 was not questioned until two years later. See Goodwin I, 116 Or.App. 279, 840 P.2d 1372 (implicitly holding, but not expressly declaring, that O.R.S. 132.360 is unconstitutional). Thus, Dahlheim's counsel had no reason to move to set the indictment aside.
 
 
 20
 Dahlheim cannot satisfy the second prong either. Prejudice requires a "showing that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Dahlheim cannot show prejudice because he pleaded guilty. See, e.g., United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989) (noting that "a guilty plea erases claims of constitutional violations arising before the plea" unless the claim is jurisdictional),[6] amended on other grounds, 907 F.2d 115 (1990); United States v. Davis, 452 F.2d 577, 578 (9th Cir.1991) (finding that the defendant waived the defense that the indictment was defective when he pleaded guilty).
 
 
 21
 Accordingly, Dahlheim failed to establish that his 1989 conviction was constitutionally invalid as a result of a violation of his Sixth Amendment right to effective assistance of counsel.
 
 CONCLUSION
 
 22
 For the foregoing reasons, we affirm. The district court did not err by sentencing Dahlheim as a career offender. Dahlheim had two valid prior felony convictions of a crime of violence. See U.S.S.G. Sec. 4B1.1. Specifically, the district court properly rejected Dahlheim's collateral attack on his 1989 state conviction.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Thelton E. Henderson, Chief United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Article VII (amended), section 5(2), provides: "A grand jury shall consist of seven jurors chosen by lot from the whole number of jurors in attendance at the court, five of whom must concur to find an indictment." (Emphasis supplied.)
 
 
 [2]
 Section 132.010 provides, "A grand jury is a body of seven persons [ (a) ] drawn from the jurors in attendance upon the circuit court at a particular jury service term, [ (b) ] having the qualifications prescribed by O.R.S. 10.030 and [ (c) ] sworn to inquire of crimes committed or triable within the county from which they are selected." (Emphasis supplied.)
 
 
 [3]
 Section 135.520 provides that a motion to set aside an indictment "shall be made and heard at the time of the arraignment or within 10 days thereafter, unless for good cause the court allows additional time. If not so made, the defendant is precluded from afterwards taking the objections to the indictment...." O.R.S. 135.520
 
 
 [4]
 The Oregon Court of Appeals asserted that the petitioner's failure to preserve the grand jury issue did not preclude him from raising it as a basis for post-conviction relief. The court cited Palmer v. State, 121 Or.App. 377, 854 P.2d 955 (1993) (holding that petitioner was not precluded from pursuing post-conviction relief despite his failure to challenge at trial the constitutionality of the statute under which he was convicted). The Palmer holding was, however, reversed by the Supreme Court of Oregon in Palmer v. State, 318 Or. 352, 362, 867 P.2d 1368, 1373 (1994) (affirming the result only). In Palmer, 318 Or. 352, 867 P.2d 1368, the Supreme Court held that a defendant could not, in fact, assert as a ground for post-conviction relief an issue that was not raised at trial, unless a contemporaneous objection at trial would have been inappropriate. Palmer, 318 Or. at 362, 867 P.2d at 1373
 
 
 [5]
 Section 132.360 provides, "A grand jury may indict ... with the concurrence of five of its members, if at least five jurors voting for indictment ... heard all the testimony relating to the person indicted...." O.R.S. 132.360
 
 
 [6]
 Note that under Goodwin II Dahlheim's claim is not jurisdictional