Argued and submitted March 28, affirmed August 3, 1983

In the Matter of the Compensation of
Ida M. Makuch, Claimant.
MAKUCH,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(81-04519; CA A26149)

667 P2d 7

Rick Roll, Tillamook, argued the cause for petitioner. With him on the brief were Todd Westmoreland, and Roll and Westmoreland, Tillamook.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

PER CURIAM.

Van Hoomissen, J., dissenting.

**PER CURIAM.**

In this workers' compensation case claimant appeals an order of the Workers' Compensation Board upholding SAIF's denial of payments for chiropractic treatment. We agree with the Board's analysis of the evidence and affirm.

Affirmed.

**VAN HOOMISSEN, J.,** dissenting.

The issue is whether SAIF must pay for claimant's chiropractic treatments. I would agree with the referee and with dissenting Board member Lewis that claimant has sustained her burden of proof and that SAIF must pay.

In 1975, claimant sustained a compensable injury to her left arm, left shoulder, low back and left hip. She has had back pain off and on ever since. She was last seen by Dr. Gambee, her treating physician, in August, 1978. She did not receive any treatment for her back problem between August, 1978, and February, 1981.

In February, 1981, she developed pain in her low back. That problem progressed to spasms in her leg muscles. She consulted Dr. Smith, a chiropractor, who treated her with a good result within a short time.

In March, 1981, Orthopaedic Consultants examined claimant and concluded that there was no relationship between her low back problem and her 1975 injury.[1] They further concluded that chiropractic treatments were not indicated, but that she should be re-examined by Dr. Gambee. After reviewing his 1976 records, Dr. Gambee specifically stated that claimant's 1975 injury did involve her back.[2] He concurred that chiropractic treatments were not indicated, however. In April, 1981, SAIF denied responsibility for Dr. Smith's treatment on the ground that claimant's back condition did not arise out of her 1975 injury.

---

[1] The referee concluded that Orthopaedic Consultants misread Dr. Gambee's reports. I agree.

[2] The referee concluded that, having stipulated that claimant's 1979 award of additional compensation for permanent partial disability was for her "Back, left hip, left shoulder and arm," SAIF is unable to argue now that her back condition was *not* involved in her 1975 injury claim.

The referee concluded that claimant was entitled to receive treatment from Dr. Smith "regardless of the opinions of doctors from a different school." He stated:

"As I view the case, the proof of the pudding is in the eating. This lady was in misery, she couldn't stand, she couldn't rest — nothing provided relief. She went to the chiropractor and received immediate relief. SAIF lacks authority to deny payment for the services of a chiropractor merely upon the recommendation of some M.D.'s. The Workers' Compensation Law provides a free choice of licensed physicians to injured workers.

"* * * However, when SAIF checked with Dr. Gambee there was no equivocation on his part as to what caused this lady's low back problem — and the fact that there is causal connection to the industrial injury * * *. [Dr. Smith] is treating a logical and natural consequence of the industrial injury."

I concur with Board member Lewis, who found that the referee's analysis of the claim was well-reasoned. I would reverse and adopt the referee's opinion and order.