Argued and submitted March 5, petition for review in CA A27666, CA A27924 and CA A27979 dismissed, denial of petition for attorney fees in remaining cases reversed and cases remanded November 6, 1984

STATE OF OREGON,
*Respondent on Review,*

*v.*

JUAN SANTOS GARCIAS,
*Petitioner on Review,*

(CA A26238)

STATE OF OREGON,
*Respondent on Review,*

*v.*

HARVEY CHICO MULLINS,
*Petitioner on Review,*

(CA A26286)

STATE OF OREGON,
*Respondent on Review,*

*v.*

CASSANDRA DIANE GRIFFITH,
*Petitioner on Review,*

(CA A26387)

STATE OF OREGON,
*Respondent on Review,*

*v.*

JUSTIN KELLY COMER,
*Petitioner on Review,*

(CA A26285)

STATE OF OREGON,
*Respondent on Review,*

*v.*

DIMAS FRANKLIN CHAVEZ,
*Petitioner on Review.*

(CA A26283, A26284)
(SC 29504)

STATE OF OREGON,
*Respondent on Review,*

*v.*

ASENCION SANDOVAL,
*Petitioner on Review,*

(CA A27666)

STATE OF OREGON,
*Respondent on Review,*

*v.*

DAVID ALAN FOX,
*Petitioner on Review,*

(CA A27924)

STATE OF OREGON,
*Respondent on Review,*

*v.*

LEON VINCENT GRACZYK,
*Petitioner on Review.*

(CA A27979)
(SC 29844)

STATE OF OREGON,
*Respondent on Review,*

*v.*

LEON VINCENT GRACZYK,
*Petitioner on Review.*

(CA A27262, A27263)
(SC 29843)
(SC 30013)

690 P2d 497

Thomas L. Fagan, Staff Attorney, Public Defender Services of Lane County, Inc., Eugene, argued the cause for petitioners on review. With him on the brief was Robert J. Larson, Director, Public Defender Services of Lane County, Inc., Eugene.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Lent, Presiding Justice, and Linde, Campbell, Roberts, Carson and Jones, Justices.

CARSON, J.

**CARSON, J.**

This is a consolidated proceeding requesting attorney fees for representation on appeal of indigent defendants by Public Defender Services of Lane County, Inc. (PDSLC). The merits of these ten cases concerning eight defendants[1] have previously been decided by this court. *State v. Garcias,* 296 Or 688, 679 P2d 1354 (1984). The issue raised in the instant case is whether PDSLC is eligible for compensation for its representation of those defendants on appeal under ORS 138.500. PDSLC seeks reversal of the Court of Appeals' denials of court-appointed attorney fees.

## BACKGROUND

PDSLC is under contract to the state to provide certain legal services at the trial court level for indigent clients. Any compensation due PDSLC for such services would be made pursuant to that contract. The representation on appeal of these defendants was not covered by the contract and is sought pursuant to ORS 138.500.

PDSLC represented defendants at trial. Several district court judges appointed PDSLC to represent defendants on appeal. PDSLC so represented defendants, who were indigent. The Court of Appeals denied court-appointed attorney fees in these cases "because the State has no contract."

Although this court consolidated all ten cases to review the attorney fees issue, we now have determined that the consolidation, in part, was improvident. We now find that we cannot grant relief in three of the ten cases consolidated here for review because the record does not reveal that defendants Sandoval, Fox and Graczyk (in case CA A27979) filed a petition for attorney fees in the Court of Appeals. We thus deny relief to defendants Sandoval, Fox and Graczyk (A27979) because there is no Court of Appeals order for us to review.[2]

---

[1] The defendant whose name appears to be Dimas Franklin Chavez has been referred to at various stages of this proceeding by different combinations of his given names and surname. It appears that because of this confusion his single case was incorrectly given two appellate court numbers (A26283 and A26284). For the purpose of this review, we will treat it as one case involving one defendant.

[2] Any petition for attorney fees that has been filed by defendants Sandoval, Fox

■ Defendant Graczyk did petition for court-appointed attorney fees in two cases in the Court of Appeals on July 26, 1983, one day before the Court of Appeals' decision on the merits of these two cases. It is this denial which is challenged by defendant Graczyk in cases A27262 and A27263 in this petition for review. Although a strict reading of ORAP 11.11 could provide otherwise, we have determined that filing a petition for attorney fees before the appellate decision is rendered does not make the petition untimely.

## ENTITLEMENT TO COMPENSATION

Compensation of court-appointed appellate counsel is governed by ORS 138.500. ORS 138.500, at the material times and in pertinent part, provided:

"(1)   If a defendant in a criminal action or a petitioner in a proceeding pursuant to ORS 138.510 to 138.680 wishes to appeal from an appealable adverse final order or judgment of a circuit court or district court and if such person is without funds to employ suitable counsel possessing skills and experience commensurate with the nature and complexity of the case for the appeal, the person may request the circuit court or district court from which the appeal is or would be taken to appoint such counsel to represent the person on such appeal. * * * Upon receiving such a request, the circuit court or district court, if it finds that petitioner or defendant is without funds to employ suitable counsel for appeal, shall appoint such counsel to represent petitioner or defendant on the appeal. The circuit court or district court, in its discretion, may appoint counsel who represented petitioner or defendant in the circuit court or district court in the case, or if the Public Defender is able to serve, it may appoint the Public Defender as counsel on appeal.

"* * * * *

"(3)   * * * The Court of Appeals shall also determine, as provided in ORS 135.055, and allow compensation for counsel appointed under this section. * * *

"(4)   The provisions of this section shall apply in favor of the defendant in a criminal action * * * when such person is respondent in an appeal taken by the state in a criminal action * * *.

and Graczyk (A27979) should be acted upon by the Court of Appeals in a manner consistent with this opinion, ORS 138.500, and the Oregon Rules of Appellate Procedure.

"(5) If appointed counsel on appeal is the Public Defender established by ORS 151.280 or counsel provided pursuant to ORS 151.150, the appellate court shall not allow compensation for that appointed counsel."[3]

Contracts between the state and attorneys for the provision of legal services for indigent clients are discussed in ORS 151.150, which provides:

"(1) The State Court Administrator, on behalf of the state, may contract with an attorney or group of attorneys for the provision by the attorney or group of attorneys of services as counsel for indigents in proceedings in which a court or magistrate has the power to appoint counsel to represent an indigent and the state is required to pay compensation for that representation. The State Court Administrator, on behalf of the state, and the governing body of a county having a county public defender as provided in ORS 151.010 to 151.090, on behalf of the county, may contract for the provision by the county public defender of services as counsel for indigents in those proceedings. The expense of services provided under a contract shall be paid by the state from funds available for the purpose.

"(2) A court or magistrate may appoint an attorney or a county public defender under a contract with the state as provided in subsection (1) of this section to represent an indigent in any proceeding in which the court or magistrate has the power to appoint counsel to represent an indigent and the state is required to pay compensation for that representation.

"(3) This section does not apply to proceedings in which

---

[3] Subsection (4) of this statute is quoted because in the instant cases the defendants represented by PDSLC were the respondents in appeals taken by the state. *State v. Graczyk,* 64 Or App 71, 667 P2d 7 (1983) (per curiam), *aff'd sub nom State v. Garcias,* 296 Or 688, 679 P2d 1354 (1984).

Subsection (5) of this statute was corrected by the legislature in 1983 to provide:

"If appointed counsel on appeal is the Public Defender established by ORS 151.280 or counsel who is under contract to provide services for the appeal pursuant to ORS 151.150, the appellate court shall not allow compensation for that appointed counsel. In all other cases, counsel shall be compensated as provided in this section."

Or Laws 1983, ch 763, § 16. We note that the earlier and amended versions of this statute refer to the state "Public Defender established by ORS 151.280." This should not be confused with county public defenders, which are separate entities. The state Public Defender did not represent these defendants on appeal because the crimes involved were misdemeanors, not felonies.

the Public Defender established by ORS 151.280 is authorized, able and appointed to provide services as counsel for indigents."

■ The Court of Appeals denied court-appointed attorney fees "because the State has no contract." However, there is no need for court-appointed counsel to have a contract with the state to be allowed compensation for appellate representation under ORS 138.500. The reverse is true. If court-appointed counsel are under a contractual obligation to provide the representation that they are appointed to provide, then they should not be allowed compensation under ORS 138.500. ORS 138.500(5). Otherwise, the state would have to pay twice for the same representation.

■ Although ORS 138.500(5) was inartfully drafted, the legislative intent in amending this subsection in 1981 is apparent. *See* Or Laws 1981, ch 3, § 126. The legislature excluded from ORS 138.500 attorneys already contractually obligated to provide legal services to indigents under ORS 151.150 to avoid duplicate compensation. Any suggestion that the legislature intended that an attorney who had a contract for trial services with the state under ORS 151.150 could not be compensated for court-appointed appellate representation is unfounded. This court endeavors to avoid interpreting a statute in a manner which will produce absurd results. For that reason, we have determined that the phrase "counsel provided pursuant to ORS 151.150" in ORS 138.500(5) meant counsel who had been or would be contractually compensated for the representation.

■ Because ORS 138.500(5) does not excuse payment of PDSLC for the representation in these appeals, the Court of Appeals "shall * * * allow compensation * * *," ORS 138.500(3), when procedural requisites are met.

We are further persuaded of this interpretation of ORS 138.500(5) by ORS 151.150(2), which provides that where a court validly appoints counsel "to represent an indigent in any proceeding * * * the state is required to pay compensation for that representation." This requirement does not depend upon the state being contractually obligated to pay for the services. This subsection, in effect, provides trial judges with the authority to bind the state to pay counsel for representation of indigent defendants on appeal.

Because we have determined that defendants' counsel are eligible for attorney fees pursuant to ORS 138.500, we do not reach the constitutional issues raised in this appeal.

■ The petition for review of the denial of attorney fees by the Court of Appeals in cases CA A27666, A27924 and A27979 is dismissed as improvidently granted. The denial of the petition for attorney fees by the Court of Appeals in the remaining cases is reversed. These cases are remanded to the Court of Appeals to award attorney fees for legal services provided at the Court of Appeals to defend the merits and petition for attorney fees.[4]

---

[4] A petition for court-appointed attorney fees was filed with the Supreme Court on April 13, 1984. In light of this opinion, we have allowed this petition for attorney fees in part. Specifically, we have allowed requests for compensation for legal services provided in this court on behalf of all defendants in this consolidated petition on both the merits and the attorney fees issue. We have not allowed compensation requested in the April 13, 1984 petition for attorney fees for legal services provided in the Court of Appeals.

In claims for court-appointed attorney fees under ORS 138.500, when this court allows review we will consider attorney services performed in the writing and presenting of petitions for review of denials of attorney fees to be services provided in the Supreme Court. Such claims are not like other claims for attorney fees in that counsel need not represent the prevailing party in order to be awarded attorney fees. When this court denies review or when the Court of Appeals allows reconsideration, attorney services performed in the writing and presenting of petitions for review are services provided in the Court of Appeals.