On respondent's motion for reconsideration filed October 7, 1993, reconsideration allowed; opinion (117 Or App 168, 843 P2d 960 (1992)) withdrawn; affirmed February 23, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## MICKEY DEAN THOMPSON,
*Appellant.*

(89-08-0282 CR; CA A70456)

869 P2d 361

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for motion.

No appearance *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

The state moves for reconsideration of our opinion, 117 Or App 168, 843 P2d 960 (1992), in which we reversed defendant's conviction, because only six grand jurors considered the evidence and returned the indictment against him. We allow the motion, withdraw our opinion and affirm defendant's conviction.

On August 23, 1989, defendant was charged by an indictment with one count of theft in the first degree. ORS 164.055. He was arraigned on that charge on September 18, 1989, and the court granted him an additional 14 days to move against or demur to the indictment. Defendant did not challenge the indictment by any pretrial motion or demurrer. After a trial, a jury found defendant guilty. Before sentencing, defendant learned that the grand jury that indicted him had only six members and moved to quash the indictment. The court denied the motion, imposed a sentence and entered a final judgment. Defendant appealed, and we reversed.

After we issued our opinion, the Supreme Court decided *State v. Pratt*, 316 Or 561, 853 P2d 827, *cert den* ____ US ____ (1993), and *State ex rel Schrunk v. Bonebrake*, 318 Or 312, 865 P2d 1289 (1994). In *Pratt*, only six grand jurors were in attendance when the grand jury indicted the defendant on two counts of aggravated murder. The defendant did not challenge the qualifications of the grand jury that indicted him until his second appeal, which was filed after he had been retried and convicted. The court held that the defendant's failure to challenge the indictment in a timely manner under ORS 135.520[1] precluded the court from considering that issue. 316 Or at 568.

In *Bonebrake*, three separate grand juries issued indictments against Sue Lane Gifford. Two of the grand juries were comprised of six members; one was comprised of seven members. After the court reached a verdict, Gifford

---

[1] ORS 135.520 provides:

"A motion to set aside the indictment or dismiss the accusatory instrument shall be made and heard at the time of the arraignment or within 10 days thereafter, unless for good cause the court allows additional time. If not so made, the defendant is precluded from afterwards taking the objections to the indictment or accusatory instrument."

moved to quash the indictments of the grand juries that were comprised of six members, to quash the scheduled sentencing and to dismiss the case. She argued that the indictments should have been quashed, because we held in *Goodwin v. State of Oregon*, 116 Or App 279, 840 P2d 1372 (1992), that a grand jury must consist of at least seven grand jurors to return a true bill.[2] The court granted Gifford's motions and dismissed the indictments that were returned by grand juries consisting of fewer than seven members. The state sought a writ of mandamus ordering the defendant judge to vacate the orders of dismissal and to sentence Gifford on all the convictions. After reviewing the text, context and legislative history of ORS 135.520, the Supreme Court said, "it is clear that the legislature intended that motions to set aside indictments be made *pre-trial.*" *State ex rel Schrunk v. Bonebrake, supra,* 318 Or at 320. (Emphasis in original.) The Supreme Court issued a peremptory writ directing the defendant judge to vacate the orders setting aside the indictments, sentence Gifford and enter a judgment.

■■    Here, defendant made no pretrial motion to set aside the indictment. He failed to comply with the timing requirements for challenging an indictment and is precluded from challenging the indictment on direct appeal. ORS 135.520; *State ex rel Schrunk v. Bonebrake, supra*; *State v. Pratt, supra.* The trial court did not err in denying his motion to quash the indictment.

Reconsideration allowed; opinion withdrawn; affirmed.

---

[2] After the court granted the motions, we withdrew and reversed our opinion in *Goodwin v. State of Oregon*, 125 Or App 359, 866 P2d 466 (1993).