Argued and submitted December 6, 1983, affirmed March 6, 1984

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## DAVID A. FLOREA,
*Petitioner on Review.*

(TC 39577; CA A25448; SC 29870)

677 P2d 698

J. Marvin Kuhn, Salem, argued the cause for Petitioner on Review. With him on the petition was Gary D. Babcock, Public Defender, Salem.

James E. Mountain, Jr., Deputy Solicitor General, Salem, argued the cause for Respondent on Review. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

LINDE, J.

## LINDE, J.

■ Defendant, a former chief of police of Monroe, Oregon, was convicted by a jury of theft and of official misconduct in the first degree. By demurrer to the indictment and on appeal he asserted that the statutory definition of official misconduct is unconstitutionally vague, as well as assigning as error certain rulings by the trial court.[1] The Court of Appeals affirmed the conviction without opinion, and we allowed review limited to the validity of the statute. We find the statute constitutional and affirm the Court of Appeals.

ORS 162.415(1) provides:

"A public servant commits the crime of official misconduct in the first degree if with intent to obtain a benefit or to harm another:

"(a) He knowingly fails to perform a duty imposed upon him by law or one clearly inherent in the nature of his office; or

"(b) He knowingly performs an act constituting an unauthorized exercise in his official duties."

The part of the indictment under which defendant was convicted charged that defendant, "while employed by the City of Monroe as a public servant, . . . did knowingly perform an act constituting an unauthorized exercise of his official duties, to-wit: transferring possession of the said .22 magnum 'Hi-Standard' derringer to Sharon Simpson."

■ Defendant points out that the indictment refers to the unlawful exercise *of* his official duties, while the statute uses the phrase "in his official duties." The statutory phrasing is awkward. By using "in" for "of" it removes "official duties" as the object of "exercise" and leaves dangling just what it is

---

[1] We observe that the petition for review in this case essentially reproduces the brief in the Court of Appeals with a yellow cover in this court. Under the heading "Statement of Facts," 14 pages are devoted to a sequential recitation of the testimony of the witnesses at trial, followed by four pages of "Argument" relying on citations from the Court of Appeals. We have observed this routine recital of the trial evidence in other briefs in which the facts of the offense are unrelated to the issue on appeal or review. ORAP Rule 7.17(8) calls for a concise summary of only those facts "material to determination of the appeal." In this court, the reason for review rarely concerns the correct outcome of a factual issue but rather a question whether the Court of Appeals has applied a correct view of the law, and the petition should be focused on that issue. *See* ORAP Rule 10.05(2)(b), (c).

one is exercising. The Criminal Law Revision Commission took the section from the proposed Michigan Revised Criminal Code of 1967, which used the words "exercise of his official functions." The commission's commentary itself referred to the performance "of" official duties. Proposed Oregon Criminal Code, Final Draft and Report (July 1970) at 109-110.

The substitution may have been intended to avoid an apparent paradox: How can an unauthorized act constitute the exercise of one's official duties? Evidently the legislature intended to forbid unauthorized acts by officials *in the course of* exercising their official functions. We think the use of the word "in" means to forbid knowing performance of an act that constitutes an unauthorized exercise of the powers or opportunities of one's official position.

Defendant's main attack is on the phrase "official duties." The phrase is not further defined in the criminal code. Defendant argues that because the statute applies to a great variety of public servants whose duties are not fixed by any law, written job description, or other document, judges and juries will not be able to refer to any fixed standard, and potential defendants themselves cannot clearly determine just what their "official duties" are. We doubt that the reference to "official duties" poses a genuine problem. If there is a problem, it is in determining what is "unauthorized."

The statute requires these elements: (1) The defendant must be a "public servant."[2] (2) He or she must knowingly perform an act. (3) The act must be performed "in" his or her official duties; that is to say, in the defendant's official capacity, exercising the powers or opportunities available by virtue of his or her official position. (4) The act must be an

---

[2] ORS 162.005:

"(2) 'Public servant' includes:

"(a) A public officer or employe of the state or of any political subdivision thereof or of any governmental instrumentality within the state;

"(b) A person serving as an advisor, consultant or assistant at the request or direction of the state, any political subdivision thereof or of any governmental instrumentality within the state;

"(c) A person nominated, elected or appointed to become a public servant, although not yet occupying the position; and

"(d) Jurors."

unauthorized exercise of this official capacity, power, or opportunity. (5) The act must be done "with intent to obtain a benefit or to harm another." Neither a public servant nor a judge or jury should have a conceptual problem with the requirement that the act be performed in one's official capacity or in exercising the power of one's official position, although this of course may be a disputed factual issue in a given case.[3] Certainly this element should pose no question of definiteness for a police chief who appropriates for his personal disposition firearms confiscated by the police in the course of law enforcement.

■ What is "unauthorized" will often be a conclusion of law on which a judge will instruct the jury. It may be an issue of fact when there is a dispute what directives were given an employee by his or her superior and the purported directives did not exceed permissible authorization as a matter of law. Again, no such issue of purported authorization is presented in this case. The statute does not leave a judge or, under proper instructions, a jury with unconstrained discretion to define a crime. Even though a question of a public servant's authority may be one of first impression in a court, it is governed by sources of law and delegated authorization outside the criminal code itself, sources to which a public official in any event must turn in order properly to understand his or her job. If there is vagueness, it does not lie in ORS 164.415(1)(b). The trial court did not err in overruling defendant's demurrer to the indictment.

The decision of the Court of Appeals is affirmed.

---

[3] The issue is familiar from cases under 18 USC § 242, which make it a federal crime to deprive persons of rights "under color of any law, statute, ordinance, regulation, or custom," and under 42 USC § 1983, which similarly provides a civil remedy for such deprivations "under color of" law. Defendants are held to recognize whether they are acting "under color of" law. *See, e.g., Williams v. United States,* 341 US 97, 71 S Ct 576, 95 L Ed 774 (1951).