Argued and submitted August 29, affirmed November 21, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID W. MOFFITT,
*Appellant.*

(89-0721; CA A62661)

801 P2d 855

Michael D. Walsh, West Linn, argued the cause for appellant. With him on the brief was Hutchison, Hammond, Walsh, Herndon & Darling, P.C., West Linn.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

### WARREN, P. J.

Defendant was charged with sodomy in the first degree and official misconduct in the first degree. ORS 162.415. In a trial to the court, he was acquitted of sodomy and convicted of official misconduct. He appeals. He contends that the verdicts are inconsistent and that the facts in his indictment for official misconduct do not state a crime; he also challenges the factual basis for his conviction. We affirm.

On August 6, 1989, defendant, then a uniformed police officer for the City of West Linn, answered a call about a domestic disturbance at a rest stop on I-205. He arrived at 3:15 a.m. in a marked patrol car. He saw the victim, Johnson, arguing with Fredinburg, who ran away and hid, because he believed that there was an outstanding warrant for his arrest. Defendant asked Johnson what was going on. Wanting to minimize any problems for Fredinburg, she said that she and her boyfriend were hitchhiking to Eugene. A second officer, Garrett, arrived. Both defendant and Garrett doubted Johnson's story, because she was barefoot, wore only a tube top and shorts and appeared to be extremely intoxicated. She was 22 years old, and both Garrett and defendant testified that she appeared to be "vulnerable." The officers agreed that defendant would drive Johnson to a truck stop on I-5, where she could hitch a ride to Eugene.

Johnson testified that defendant ordered her to get into the police car, and she complied, believing herself to be under arrest for public intoxication. Defendant did not tell his dispatcher that he was leaving the area or traveling with a female passenger or report his current mileage, as required by West Linn Police Department Rule 7.20. Johnson testified that defendant drove for a short while down the freeway and turned off on a side road. Defendant then unzipped his pants and ordered her to commit oral sodomy. She also testified that defendant told her, "If you do it really good, I'll take you back." Johnson said that she complied, because she was afraid that defendant would either kill her or leave her in the area. Defendant denied making any threats or bribes and claimed that Johnson initiated the sexual contact. Defendant then drove Johnson to an I-5 truck stop and dropped her off shortly before 4:00 a.m. She went to a motel, where the night clerk contacted the Clackamas County Sheriff's Department.

■　　　Defendant was acquitted on the sodomy charge and the lesser included offense of sexual abuse. He was convicted of official misconduct. He first argues the verdicts are inconsistent. He argues that he cannot be convicted of official misconduct involving oral sodomy when he has been acquitted of the crime of sodomy I. We hold that the verdicts are not inconsistent, because the term "sodomy" has more than one definition. Its meaning encompasses both the crime of sodomy and oral or anal copulation.

At common law, "sodomy" is carnal copulation by human beings with each other "against nature," or with a beast, and includes *fellatio.* 81 CJS "Sodomy," § 2 (1977); *Black's Law Dictionary* 1563 (4th ed 1968). ORS 163.385 to ORS 163.405 provide that conduct constituting sodomy, which becomes a crime under certain circumstances, involves "deviate sexual intercourse," which is defined as "sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another." ORS 163.305(1).

In Count I, the sodomy charge, the state accuses defendant of "unlawfully and knowingly *by forcible compulsion,* engag[ing] in deviate sexual intercourse." (Emphasis supplied.) In Count II, on the other hand, the state accuses defendant of "unlawfully and knowingly perform[ing] an act, to wit: having Sharon Johnson perform oral sodomy upon him, which act constituted an unauthorized exercise of his official duties * * *." The charge in Count I tracks the language of ORS 163.405, criminal sodomy in the first degree. Count II, though, does not require a showing of "force or compulsion" and does not limit itself to criminal sodomy, as defined by the statutes.

Because defendant did not file a demurrer against the indictment, we construe the indictment's allegations in favor of the state and the validity of the judgment. *State v. Goesser,* 203 Or 315, 325, 280 P2d 354 (1955); *State v. Schulman,* 6 Or App 81, 82-83, 485 P2d 1252 (1971); *State v. Zusman,* 1 Or App 268, 271, 460 P2d 872 (1969), *rev den; cert den* 398 US 905 (1970). We conclude the reference to "oral sodomy" in Count II refers to oral sexual relations, as opposed to the crime of sodomy in the first degree. The verdicts are not inconsistent, because a factfinder could conclude that the defendant did not

use force or compulsion to engage in deviate sexual intercourse (sodomy I), but did commit official misconduct by engaging in oral copulation.

■ Defendant next argues that the misconduct count fails to state a crime because a purely personal benefit (in this case, sexual gratification) for a public official does not satisfy ORS 162.415. Defendant's argument is contrary to our holding in *State v. Gortmaker,* 60 Or App 723, 746-47, 655 P2d 575 (1982), *aff'd* 295 Or 505, 668 P2d 354 (1983), *cert den* 465 US 1066 (1984), in which the defendant, a district attorney, had his deputy and a law clerk prepare a paper for him to deliver at a seminar at the National War College.

■ Defendant also challenges the factual basis for his conviction. He argues, first, that the state failed to prove that he had the culpable mental state necessary to commit official misconduct and, second, that the state failed to prove that he intended to receive a benefit from his encounter with Johnson. The relevant question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. King,* 307 Or 332, 339, 768 P2d 391 (1989). We hold that there is sufficient evidence on the record to support defendant's conviction.

Defendant's other arguments have been considered and are without merit.

Affirmed.