Argued and submitted August 4, 1993, affirmed May 25, 1994

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL GOVE,
*Appellant.*

(92-03-34749; CA A76828)

875 P2d 534

Wade P. Bettis argued the cause for appellant. With him on the brief was Bettis and Associates, P.C.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and De Muniz,* Judge.

De MUNIZ, J.

---

* De Muniz, J., *vice* Durham, J.

## De MUNIZ, J.

Defendant is a police officer of the City of La Grande. He was charged with first degree official misconduct, ORS 162.415(1), and harassment, ORS 166.065, arising out of his requests that a 24-year-old woman have sexual relations with him, along with other comments and actions of a sexual nature.[1] The events in question took place, at least in substantial part, while defendant was on duty. The woman rejected defendant's requests. In a trial to the court, defendant was convicted of official misconduct and acquitted of harassment. He appeals, and we affirm.

ORS 162.415(1) provides, as pertinent:

"A public servant commits the crime of official misconduct in the first degree if with intent to obtain a benefit or to harm another:

"* * * * *

"(b)   The public servant knowingly performs an act constituting an unauthorized exercise in official duties."

In *State v. Florea*, 296 Or 500, 503-04, 677 P2d 698 (1984), the court defined the elements of the offense:

"(1) The defendant must be a 'public servant.' (2) He or she must knowingly perform an act. (3) The act must be performed 'in' his or her official duties; that is to say, in the defendant's official capacity, exercising the powers or opportunities available by virtue of his or her official position. (4) The act must be an unauthorized exercise of this official capacity, power, or opportunity. (5) The act must be done 'with intent to obtain a benefit or to harm another.' Neither a public servant nor a judge or jury should have a conceptual problem with the requirement that the act be performed in one's official capacity or in exercising the power of one's official position * * *." (Footnote omitted.)

Defendant first argues that the trial court erred by denying his motion for judgment of acquittal. He contends specifically that the evidence was insufficient to permit the inference that he intended to obtain a benefit or "knowingly performed an act which constituted an unauthorized exercise

---

[1] Defendant and the woman did not have sexual intercourse or, apparently, any sexual contact that was more advanced than touching and back rubbing.

of the power or opportunities" of his official position. Defendant's argument on the latter point presupposes that the only evidence to support the finding was the police department's written policy on sexual harassment, which defendant contends was irrelevant to the charge. Even if he were correct in his view about the relevance of the evidence—a matter discussed below—he is not correct that it was the only evidence of a knowing act constituting an unauthorized exercise of the power or opportunities of his office.

In *State v. Moffitt*, 104 Or App 340, 801 P2d 855 (1990), we affirmed the official misconduct conviction of a police officer who, in the performance of his duties, came into contact with a woman and induced her to perform fellatio with him. We said:

> "Defendant next argues that the misconduct count fails to state a crime because a purely personal benefit (in this case, sexual gratification) for a public official does not satisfy ORS 162.415. Defendant's argument is contrary to our holding in *State v. Gortmaker*, 60 Or App 723, 746-47, 655 P2d 575 (1982), *aff'd* 295 Or 505, 668 P2d 354 (1983), *cert den* 465 US 1066 (1984), in which the defendant, a district attorney, had his deputy and a law clerk prepare a paper for him to deliver at a seminar at the National War College.

> "Defendant also challenges the factual basis for his conviction. He argues, first, that the state failed to prove that he had the culpable mental state necessary to commit official misconduct and, second, that the state failed to prove that he intended to receive a benefit from his encounter with Johnson. The relevant question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989). We hold that there is sufficient evidence on the record to support defendant's conviction." 104 Or App at 344.

Similarly, here, defendant performed an act—soliciting sexual relations—while performing his duties. Quite apart from the evidence of the department policy, there is a permissible inference that a law officer who seeks sexual gratification from a citizen in the course of performing his duties has knowledge that that act is not an authorized exercise of his official position.

■　　Defendant attempts to distinguish this case from *State v. Moffitt, supra*, by suggesting that, unlike the officer's contact there, his contact with the woman in this case was all but incidental to the fact that he was a police officer. However, if we accept the evidence that is adverse to him as true, as we must, his attempt falls well short of succeeding. Defendant repeatedly came to the hospital where the woman worked, arriving late at night and staying for long periods of time. One night, defendant followed the woman home and, when confronted, explained to her that he thought she had been speeding. There was evidence that the woman felt and acted intimidated by defendant. In sum, the evidence abounded to support an inference that defendant was using his office in an unauthorized manner to advance his quest, and that he was fully aware that he was doing so.

■　　Defendant argues next that the "evidence must be sufficient to prove that defendant acted with the *conscious* objective to obtain a benefit and obtained it." Both the legal and the factual underpinnings of that argument are wrong. As the statute itself and *State v. Moffitt, supra*, make clear, it is the *intent* to obtain sexual gratification or another benefit, not the success of the attempt, that is the element of the crime. However, defendant maintains that the evidence did not support an inference that he intended to have sexual relations with the woman, but was only engaging in a form of mutually understood raucous humor with her and her co-workers. In advancing that theory, defendant, the party against whom the facts were found, not only states the evidence most favorably to himself, but omits most of it. There was ample evidence, in addition to defendant's words themselves, to support the court's finding that he meant his invitation to have sexual relations to be taken literally. The court did not err by denying the motion for judgment of acquittal.

■　　In his next three assignments, defendant argues that the court erred by admitting exhibits pertaining to the La Grande police department's policy against sexual harassment, and by allowing the police chief and another officer to testify that a violation of the policy by conduct of the kind alleged would constitute an "unauthorized exercise in official duties." According to defendant, the department policy and

the testimony were not relevant, because the "violation of the policy does not establish any element of the crime." Defendant posits that the statute is self-contained, and a violation of the policy can have no bearing on whether there has been a violation of the statute. We disagree. Nothing in the text or context of the statute supports an understanding that it amounts to a legislative abrogation of the ability of governmental employers to participate in defining what their employees are not authorized to do. Whether or not the policy is *sufficient in itself* to establish that defendant's act was an unauthorized exercise of his position, it is relevant to that question. Moreover, one or more of the exhibits also tended to show that defendant was familiar with the policy, and they are therefore probative of the scienter element in ORS 162.415(1)(b). For the reasons stated in our discussion of the first assignment, it is unnecessary to decide whether the evidence of the policy was enough in itself to prove the elements on which it bears, because a permissible inference was available to establish those elements, even in the absence of that evidence.

Defendant also contends that the testimony of the two witnesses was inadmissible, because it amounted to "lay testimony" that he committed the crime. We do not understand the import of the testimony to be as defendant now characterizes it, and we do not read defendant's objections in the trial court to be on the same grounds that he now asserts in this argument.

Defendant's remaining assignment is that the court erred by overruling his demurrer to the indictment. In the main, defendant's arguments under this assignment reassert the legal theories that we have already rejected. To the extent the argument goes beyond that, it warrants no discussion.

Affirmed.