Argued and submitted August 4, 1993, affirmed June 22, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT ROWEN MOINE,
*Appellant.*

(92 C 20428; CA A76475)

877 P2d 94

Judith N. Selich argued the cause for appellant. On the briefs was Kurt Carstens.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor

General, and Jonathan H. Fussner, Assistant Attorney General.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and De Muniz,* Judge.

De MUNIZ, J.

---

* De Muniz, J., *vice* Durham, J.

## De MUNIZ, J.

Defendant appeals his convictions of two counts of bribe receiving, ORS 162.025, and one count each of first degree official misconduct, ORS 162.415, and misuse of confidential information, ORS 162.425.[1] The convictions arose out of defendant's dealings with developers, who sought contracts with the Oregon State Police (OSP) in connection with the construction or improvement of OSP facilities, while defendant was the commander of the department that negotiated with prospective developers concerning those matters on behalf of OSP.

■ Defendant first argues that the trial court erred by denying his motion to quash the indictment, based on asserted improprieties in the grand jury proceedings. He contends on appeal, *inter alia*, that the indictment was invalid, because the grand jury that returned it consisted of only six members. *See Goodwin v. State of Oregon*, 116 Or App 279, 840 P2d 1372 (1992), *withdrawn*, 125 Or App 359, 866 P2d 466 (1993), *rev den* 319 Or 80 (1994). That issue was not raised in the trial court, and we do not reach it. *State v. Pratt*, 316 Or 561, 566-68, 853 P2d 827 (1993). Defendant's remaining arguments regarding the grand jury proceeding are without merit and require no discussion.

Through two of his assignments, defendant contends that the state improperly relied on a provision of ORS chapter 244, relating to government employee ethics, as supplying an element of the offense of official misconduct. ORS 162.415(1) provides:

"A public servant commits the crime of official misconduct in the first degree if with intent to obtain a benefit or to harm another:

"(a)  The public servant knowingly fails to perform a duty imposed upon the public servant by law or one clearly inherent in the nature of office; or

"(b)  The public servant knowingly performs an act constituting an unauthorized exercise in official duties."

---

[1] Defendant was charged with, and acquitted of, a second count of official misconduct.

ORS 244.040(2) provides, in relevant part:

"No public official * * * shall solicit or receive, whether directly or indirectly, during any calendar year, any gift or gifts with an aggregate value in excess of $100 from any single source [standing in described relationships to the official]."

The state's theory was that, even though a violation of ORS 244.040(2) is not itself a criminal offense, it is nonetheless "a duty imposed upon [public servants] by law," and a failure to abide by the statute can, therefore, constitute that element of official misconduct. Defendant argues that the ethics statute cannot be used in that manner, and that a violation of it cannot be an element of official misconduct. However, neither of the assignments through which defendant asserts that argument is sufficient to raise it.

■ In the first assignment, defendant contends that the court erred by overruling his demurrer to the official misconduct counts of the indictment. The count on which defendant was convicted alleges, as relevant, that

"defendant received gifts and gratuities with an aggregate value exceeding $100 from a single source * * *; by accepting these gifts and gratuities, the defendant intended to obtain a benefit, and he knowingly failed to perform a duty to decline such gifts and gratuities, which is a duty that is imposed by law and is inherent in the nature of defendant's office."

Although the language of the count substantially tracks the language of ORS 244.040(2), the *face of the indictment* does not show that the ethics statute is *necessarily* the basis for the official misconduct charge. For example, the indictment alleges that the failure to refuse the gifts and gratuities violates a duty inherent in the nature of the office, as well as one imposed by law. *See State v. Gove*, 128 Or App 239, 875 P2d 534 (1994). More generally, the fact that the indictment uses the specific time frame and dollar amounts set forth in ORS 244.040(2) does not show in itself that ORS 244.040(2) is the only "law" by which he failed to abide. The language of the indictment is consistent with the possibility that other sources of law might require defendant to refuse *any* gift or gratuity. Even assuming the correctness of defendant's legal argument, the demurrer and the ruling on it do not establish the requisite factual predicate for the argument.

■     The second relevant assignment challenges the court's refusal to give defendant's requested instruction on the official misconduct charges. In the course of the argument, defendant also assails the instruction that the court gave, which did impart to the jury that a violation of ORS 244.040(2) could serve as the element of failing to perform a duty imposed by law for purposes of the official misconduct charges. However, no error is assigned to the giving of the instruction, and defendant's arguments concerning it cannot aid him independently of his contention that his own instruction should have been given. Defendant's requested instruction reads, in relevant part:

> "Oregon law provides that a public servant commits the crime of official misconduct in the first degree if he knowingly fails to perform an official duty with the intent of obtaining a benefit.

> "In this case, to establish the crime of official misconduct in the first degree, the State must prove beyond a reasonable doubt the following elements:

> "1.   The act occurred in Marion County, Oregon;

> "2.   The act occurred on _____;

> "3.   [Defendant] was a public servant;

> "4.   [Defendant] knowingly failed to perform an official duty; and

> "5.   [Defendant] did so with the intent of obtaining a benefit.

> ORS 162.415; *State v. Florea*, 296 Or 500[, 677 P2d 698] (1984)."

Defendant emphasizes the term "official duty" in the fourth numbered item of the instruction, and argues that ORS 162.415(1)(b) and *State v. Florea, supra*, require that a defendant's "failure to perform a duty must be an 'official duty' " for criminal liability to be imposed under ORS 162.415. Defendant's argument and his instruction confuse ORS 162.415(1)(a), on which the state proceeded, with ORS 162.415(1)(b).[2] Under paragraph (a), accountability is based on the failure to perform a duty imposed by law or inherent in the official's office. Paragraph (b) criminalizes the knowing

_____

[2] *State v. Florea, supra*, involved paragraph (b).

performance of an act that is an unauthorized exercise of official duties. Defendant's requested instruction transports the "official duty" test of paragraph (b) to paragraph (a), and it omits the "imposed by law" or "inherent in the office" standards that paragraph (a) itself defines as the tests for criminalizing failures to perform duties. Arguably, the "duty" under paragraph (a) must implicitly be an official one, and the use of the word "official" in the requested instruction is accurate, albeit surplusage. However, the failure to specify that violating a duty imposed by law or inherent in the office is an element of the crime — as distinct from violating other forms of official duties — does render the instruction inaccurate and incomplete.

In sum, the requested instruction is an inaccurate statement of the law that bears directly on the state's theory at trial and defendant's argument on appeal. The trial court correctly refused to give the instruction. We therefore reject the assignment, and we do not reach the merits of either defendant's argument that a violation of ORS 244.040(2) cannot supply the "imposed by law" element of official misconduct, or the state's argument that *State v. Wood*, 67 Or App 218, 678 P2d 1238, *rev den* 297 Or 137 (1984), has already answered that question favorably to it.

Defendant's remaining assignments and arguments either do not warrant discussion or are unpreserved. Insofar as they are unpreserved and ostensibly involve errors apparent on the face of the record, we exercise our discretion not to review them.

Affirmed.